IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIREYA SANTOS and ROBERTO SANTOS, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:11-CV-2592-M-BK |
| CITIMORTGAGE, Inc., | § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

This case has been referred to the undersigned for pretrial management. (Doc. 6). The Court now considers Defendant's *Motion to Dismiss Plaintiffs' Original Petition*. (Doc. 4). For the reasons discussed below, it is recommended that the motion be DENIED.

**ISSUE PRESENTED**

Plaintiffs claim Defendant wrongfully foreclosed on their residence, as the underlying mortgage loan was made in violation of the Texas Constitution and, consequently, the Note and the Deed of Trust are void and unenforceable. In its motion to dismiss, Defendant contends Plaintiffs claims were filed outside the applicable limitations period; therefore, the Court should dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**BACKGROUND**

On August 25, 2011, Plaintiffs filed suit in state court against Defendant in connection with the foreclosure on their home. (Doc. 1-5). On September 30, 2011, Defendant removed the case to this Court on the basis of diversity jurisdiction. (Doc. 1 at 2-4).

Plaintiffs aver that, on or about July 13, 2005, they refinanced the loan on their Garland, Texas residence. *Id*. at 2. They "closed on the property and executed a Note and a Deed of Trust

1

for the benefit of First NLC Financial Services, LLC (now Defendant CitiMortgage, Inc.)." *Id*. Plaintiffs contend that the amount of the Note was more than 80 percent of the fair market value of the real property, and that they were additionally charged more than three percent "to originate, evaluate, maintain, record, insure, or service the extension of credit" -- all in violation of the Texas Constitution. *Id*. Plaintiffs claim they first discovered the loan was made in violation of the state constitution in July 2011 -- after "Defendant attempted a forced sale of the property by filing an application for order of foreclosure on June 6, 2011." *Id*. Plaintiffs further assert that they "tendered written notice" of the constitutional violations to Defendant on August 25, 2011 (the date this action was brought in state court), and that Defendant failed to respond to the notice. *Id*.

In this suit, Plaintiffs seek judgment declaring that: 1) Defendant has forfeited all principal and interest on the loan; 2) Plaintiffs are no longer obligated to remit any payments to Defendant; 3) the Note and Deed of Trust are null and void; and 4) the Deed of Trust and lien claimed by Defendant on Plaintiffs' property is not valid. *Id*.

## APPLICABLE LAW

Motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). However, a complaint must be dismissed pursuant to Rule 12(b)(6) if it fails to state a claim upon which relief may be granted. Under the Rule 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Further, when considering a motion to dismiss, the court accepts as true all well-pleaded facts and views those facts in a light most favorable to the plaintiff. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Even when a plaintiff has pleaded sufficient facts to assert a claim for relief, however, the

complaint is nonetheless subject to dismissal for failure to state a claim if plaintiff's allegations show that relief is barred by the applicable statute of limitations. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## DISCUSSION

Plaintiffs assert claims for violations of article XVI, section 50(a)(6) of the Texas Constitution. Specifically, Plaintiffs aver Defendant violated the Texas Constitution because the loan amount was more than 80 percent of the fair market value of their property, and because they were charged more than three percent of the loan principal to originate, evaluate, maintain, record, insure, or service the extension of credit. (Doc. 1-5 at 2). Plaintiffs further contend that, even after receiving notice of the error, Defendant "failed to correct the failure within a reasonable time." (Doc. 1-5 at 2). Defendant argues that Plaintiffs' claims are barred by the applicable statute of limitations, which it contends is four years, calculated from the date of closing.

In pertinent part, the Texas Constitution prohibits a lender from (1) granting an extension of credit that exceeds 80 percent of the fair market value of the property, or (2) requiring the owner to pay fees that are necessary to originate, evaluate, maintain, record, insure, or service the extension of credit that exceed, in the aggregate, three percent of the original principal amount of the extension of credit. TEX. CONST. art. XVI, § 50(a)(6)(B),(E). Moreover, "the lender or any holder of the note for the extension of credit shall forfeit all principal and interest of the extension of credit if the lender or holder fails to comply with the lender's or holder's obligations under the extension of credit and fails to correct the failure to comply not later than the 60th day after the date the lender or holder is notified by the borrower of the lender's failure to comply." TEX. CONST. art. XVI, § 50(a)(6)(Q)(x).

The constitutional provisions invoked by Plaintiffs do not specify a limitations period. Furthermore, there is no Texas Supreme Court case that addresses the applicable limitations period. Thus, to determine if Plaintiffs' claims are barred by limitations, the Court must perform an *Erie* analysis of how the Texas Supreme Court would decide the issue. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78–79 (1938) (requirement that the law of the forum state applies in diversity cases); *Guaranty Trust Co. v. York*, 326 U.S. 99, 111–12 (1945) (limitations is a matter of state law to be determined pursuant to *Erie*); *Cerda v.2004–EQR1 L.L.C.*, 612 F.3d 781, 794 (5th Cir. 2010) (citation omitted) (holding that in a diversity case where "no state court decisions control, [the court] must make an 'Erie guess' as to how the Texas Supreme Court would apply state law."). Moreover, "decisions of Texas intermediate appellate courts may provide guidance, but are not controlling." *Packard v. OCA, Inc.*, 624 F.3d 726, 729 (5th Cir. 2010).

This Court is well aware that numerous Texas intermediate appellate courts, as well as other federal district courts in this state, have held that the applicable limitations period for claims arising under article XVI, section 50(a) of the Texas Constitution is four years.[1] The undersigned respectfully dissents from that view, however. All of the decisions cited below rely on a single authority – *Rivera v. Countrywide Home Loans, Inc.*, 262 S.W.3d 834 (Tex.App.-Dallas 2008, no pet.). Upon in-depth review of the *River*a opinion, however, that reliance appears misplaced.

In *Rivera*, an intermediate Texas appellate court held that accrual date for limitation purposes in an action brought under section 50(a)(6) is the loan origination date. Importantly, in

---

[1] *See, e.g.*, *Rivera v. Countrywide Home Loans, Inc.*, 262 S.W.3d 834, 840 (Tex.App.-Dallas 2008, no pet.); *Schanzle v. JPMC Spec. Mort. LLC*, No. 03-09-639-CV, 2011 WL 832170 at *4 (Tex. App. – Austin, Mar. 11, 2011, no pet.); *In re Ortegon*, 398 B.R. 431, 439–40 (Bankr. W.D.Tex. 2008); *In re Chambers*, 419 B.R. 652 (Bankr. E.D.Tex. 2009); *Johnson v. Deutsche Bank Nat'l Trust Co.*, Civil Action No. H–10–3360, 2010 WL 4962897 (S.D.Tex. Dec. 1, 2010); *Hannaway v. Deutsche Bank Nat'l Trust Co.*, Civil Action No. A–10–CV–714–LY, 2011 WL 891669 (W.D.Tex. March 11, 2011); *Williams v. Deutsche Bank Nat'l Trust Co.*, Civil Action No. A–10–CV–711–LY, 2011 WL 891645 (W.D.Tex. March 11, 2011); *Reagan v. U.S. Bank Nat'l Ass'n*, Civil Action No. H–10–2478, 2011 WL 4729845 (S.D.Tex. Oct. 6, 2011).

that case, the parties agreed that residual four-year limitations period was applicable. *Rivera*, 262 S.W. 3d at 839-840 (citing, in part, TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 ) (when there is no express limitations period, except in an action for the recovery of real property, a four-year statute of limitations applies). The *Rivera* court was never called upon to determine the applicable limitations period, if any. *Id*. Moreover, *Rivera* was never reviewed by the Texas Supreme Court, thus, it is not controlling.

Recently, the District Court for the Southern District of Texas addressed in detail the very issue now confronting this Court. In a very persuasive opinion, that court concluded that the residual four-year statute of limitations did not apply to the plaintiff's claim that the defendant's lien was void under section 50(a), since "[e]quitable claims to recover property based upon liens that are constitutionally void are not barred by limitations." S*mith v. JP Morgan Chase, Nat'l Ass*., --- F.Supp. 2d ---, 2011 WL 5828927 *8 (S.D. Tex. Nov. 21, 2011). In so holding, the *Smith* court confirmed:

> When the parties do not agree that the four-year residual statute of limitations applies, as is the case here, then *Rivera* offers no guidance for the determination of that issue and all of the cases [that rely on *Rivera*] are of no analytical consequence.
>
> ***
>
> While [*Rivera*] remains of some precedential value in the *Erie* analysis, it must nevertheless be apposite to the claims before the Court and must not be otherwise contrary to discernable law embodied in Texas Supreme Court cases, statutes, and the Texas Constitution.

*Id*. at *6.

By its very language, Texas's four-year residual limitations clause is inapplicable to suits such as this one for the "recovery of real property." TEX. CIV. PRAC. & REM. CODE ANN. § 16.051. Under Texas law, the "test of whether an action is one to recover real estate . . . is

whether the title asserted by the plaintiff, whether legal or equitable, will support an action in trespass to try title.  In determining this question, mere form in which the action is brought is immaterial." *Hardeman v. Mitchell*, 44 S.W.2d 651, 654 (Tex.Civ.App. 1969).  Moreover, while the statute of limitations for a <u>voidable</u> lien is four-years, "[t]he rule is well established in [Texas] that where a deed is absolutely void, a suit in law in trespass to try title may be maintained to recover the land." *See id.* (citing *Slaughter v. Quails*, 162 S.W.2d 671, 674 (Tex. 1942)).  Accordingly, when a deed is invalid and void, a plaintiff's cause of action is not barred by the four-year statute of limitation.  *Campsey v. Jack County Oil and Gass Ass'n*, 328 S.W.2d 912, 915 (Tex.Civ.App. 1959).  In this case, taking Plaintiff's allegations as true, as the Court must, the lien in question was void from its inception.  Accordingly, this suit is not barred by limitations.

The Texas Constitution provides that "[n]o mortgage, trust deed, or other lien on the homestead shall ever be valid unless it secures a debt described by [section 50]." TEX. CONST. art. XVI, § 50(c).  Thus, in Texas, a lien that violates the provisions of section 50(a)(6), as the one in this case allegedly does, is void *ab ignitio*.  Just as the *Smith* court reasoned,

> to give effect to Texas Constitution art. XVI, section 50(c) . . . limitations cannot bar [plaintiff's] claims based simply on the passage of time from the date of closing to the date he filed suit.  If the mere passage of time were capable of doing so, then there would be no meaning to 'No mortgage, trust deed, or other lien on the homestead shall *ever* be valid....

Smith, 2011 WL 5828927 at *7 (citing TEX. CONST. art. XVI, § 50(c)) (emphasis in original).

Here, Plaintiffs' suit alleges that the lien is void and the Deed of Trust is invalid; they seek as remedy the Court's declaration of the same.  Thus, because this suit is for the recovery of real property, there is no statutory limitation of the period for bringing Plaintiffs' claims.

## CONCLUSION

For the reasons discussed herein, it is recommended that Defendant's *Motion to Dismiss* (Doc. 6) be **DENIED.**

SO RECOMMENDED on February 7, 2012.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE